*399 DAVIS, Circuit Judge,
concurring:
I join the majority opinion in full and write briefly to amplify certain truths.
Of course, all members of the panel “are acutely aware that our job as a reviewing court is not to reweigh the evidence before the IJ.” Baharon v. Holder, 588 F.3d 228, 233 (4th Cir.2009) (Gregory, J.). Yet, our evaluation of the BIA’s interpretation of the partial destruction of a house owned by Petitioner, under the applicable deferential standard of review, divides us, in part.[1] President Robert Mugabe’s once promising tenure as the leader of Zimbabwe has been marred in recent years by election-rigging, arson, kidnappings, killings, and general violence against the opposition.[2] But the issue in this case is not whether Mugabe is an insufferable tyrant. We are not asked to determine the extent to which Zimbabweans suffer, generally, under his regime. The issue before us is whether the BIA abused its discretion in its assessment of whether a particular citizen of Zimbabwe — Petitioner Mirisawo— was able to show that she is “unable to or unwilling to return to ... [her home] country because of persecution or a well-founded fear of persecution on account of ... membership in a particular social group, or political opinion.” 8 U.S.C. § 1101(a)(42)(A).
In our effort to determine whether the BIA acted irrationally when it determined that Petitioner does not fit within the statutory definition of “refugee,” we must assess whether the BIA grossly erred in determining that Petitioner had not suffered persecution in the past. Abdel-Rahman, 493 F.3d at 449 (citing 8 C.F.R. § 208.13(b)). The majority opinion correctly holds that economic penalties may constitute “persecution” where such “sanctions are sufficiently harsh to constitute a threat to life or freedom.” Li, 405 F.3d at 177. Here, it is clear that the BIA acted rationally when it concluded that Petitioner had failed to make such a showing.
In dissent, our good colleague reprises the argument that this circuit’s substantive standard for determining the existence of “persecution” is too exacting. See id. at 180-84 (Gregory, J., dissenting). My view is that our standard fits comfortably within the mainstream of those standards applied by our sister circuits. See, e.g., Zehatye v. Gonzales, 453 F.3d 1182, 1186 (“We have held that substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution.”) (emphasis added). Although the dissent seeks solace for its view in Li v. Attorney General, 400 F.3d 157, 168 (3rd Cir.2005), the Third Circuit recently reaffirmed its standard in Camara v. Attorney General, 580 F.3d 196 (3rd Cir.2009):
In Fatin v. I.N.S., we defined persecution as “threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom. ” 12 F.3d 1233, 1240 (3d Cir.1993). Importantly, “the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.” Id.
*400 Id. at 202 (emphasis added). This standard tracks our own. No doubt, “unfair” and “unjust” are only mild descriptions of what the government did to Petitioner and her property in Zimbabwe. But, for the reasons fully explained in the majority opinion, the conclusion is inescapable that neither the IJ nor the BIA abused their discretion in finding and concluding that such “mistreatment [did not] sink [ ] to the level of persecution.” Baharon, 588 F.3d at 232 (Gregory, J.) (alterations added).[3]
The dissent’s allegation that the majority opinion rests on an “unwarranted []” “assumption] [ ]” that “Mirisawo was not planning on returning to the home she purchased,” Dissenting Op. at 402, is itself warranted by nothing in the record or in the majority opinion itself. Determinations of where Mirisawo will live upon her return to Zimbabwe and what work she will do there were not and are not a part of the adjudication of this case at any level. Nor has any decision-maker in this case claimed knowledge of her intentions in these regards. Equally unwarranted is another of the dissent’s seeming suggestions: the majority opinion precludes as a matter oflatv a future determination by an IJ or the BIA that an alien may support a claim of past persecution with proof of the destruction of a residence in which she never lived. The majority opinion does no such thing.
It is a record we assess here, not a hypothetical. The plain truth is that the BIA did not abuse its discretion, and we properly affirm its order. Accordingly, I join the majority opinion in its entirety.

. The partial dissent concurs in the holding that the BIA did not err or commit an abuse of discretion in affirming the IJ’s finding that Petitioner failed to establish a reasonable fear of future persecution.

. See Eliot Tofa & Moses Tofa, Zimbabwe and Mugabe's Politicization of State and Civic Institutions, 13 Geo. Pub. Pol’y Rev. 87 (2007-2008); see also Robert G. Meadow, Political Violence and the Media, 93 Marq. L.Rev. 231, 238 (2009); John Norris, Getting It Right: What the United States Can Do to Prevent Genocide and Crimes Against Humanity in the Twenty-First Century, 27 Yale L. & Pol'y Rev. 417, 425 (2009).

. To be sure, I share the dissent's manifest discomfort at our apparent powerlessness to right wrongs; we federal judges well know that this feeling of powerlessness is an occupational hazard with which we must live daily. The fact is, as the First Circuit has aptly noted;
The Immigration and Nationality Act does not define persecution, and we have said that the term “is a protean word, capable of many meanings.” Bocova v. Gonzales, 412 F.3d 257, 263 (1st Cir.2005). Generally, persecution is more than discrimination and rises above unpleasantness, harassment, and even basic suffering.
Kadri v. Mukasey, 543 F.3d 16, 21 (1st Cir.2008) (emphasis added). Thus, in this area of the law as in others, we encounter "discrimination ... unpleasantness, harassment, and even basic suffering,” id., which, in the absence of an abuse of discretion by other decision-makers, we are not authorized to remedy. So it is.